IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ERNEST MEDINA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:15CV442 |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL THURBER, Director, and | ) | **MEMORANDUM** |
| KEVIN WITCHER, Medical | ) | **AND ORDER** |
| Practitioner, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff Ernest Medina's Complaint. (Filing No. 1.) For the reasons that follow, the court finds Plaintiff's pleadings do not state any claims on which relief may be granted. However, the court will allow Plaintiff to file an amended complaint.

## I. SUMMARY OF COMPLAINT

Liberally construed, Plaintiff alleges that while he was incarcerated with the Lancaster County Department of Corrections, he was denied adequate medical care in violation of the Eighth and Fourteenth Amendments. Plaintiff maintains that Defendant Kevin Witcher, as "medical practitioner," did not properly treat his symptoms of diabetes. He also claims that his requests for medical treatment were ignored. Plaintiff further alleges that Defendant Michael Thurber, in his capacity as "the director of Lancaster County Corrections," has adopted an attitude of deliberate indifference by failing to "address the majority of medical complaints against medical staff." (Filing No. 1 at CM/ECF pp. 6-7.) Plaintiff seeks monetary compensation for his alleged physical suffering.

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495

[(8th Cir. 1993)](#).

### III. DISCUSSION

Because Plaintiff's Complaint does not specify whether he is suing Defendants in their official or individual capacities, this court presumes they are sued in their official capacities only. *See [Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)](#)* ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, Lancaster County. *See [Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992)](#)* ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)). As a municipality, Lancaster County can only be liable under § 1983 if a municipal policy or custom caused his injury. *See [Monell v. New York Department of Social Services, 436 U.S. 658, 694 (1978)](#)*.

Plaintiff has failed to plausibly suggest that an official Lancaster County policy or custom caused the allegedly deficient medical care. Here, Plaintiff alleges that many inmates have filed grievances concerning medical care and that Thurber, as the "the director of Lancaster County Corrections," has "adopted an attitude of deliberate indifference due to the fact that he has failed to address the majority of medical complaints against medical staff and inadequate medical care." (Filing No. [1 at CM/ECF pp. 6](#)-7.) This conclusory statement is insufficient to allege a municipal policy or custom creating liability under § 1983. Therefore, Plaintiff's claims against Thurber and Witcher[1] will be dismissed.

---

[1] From Plaintiff's Complaint, it can reasonably be inferred that Witcher is a Lancaster County employee. If Witcher is not an employee of Lancaster County, Plaintiff shall so inform the court in his Amended Complaint.

On the court's own motion, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted against Defendants. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. Plaintiff shall file an amended complaint by April 18, 2016 that states a claim upon which relief may be granted against Defendants. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: April 18, 2016 check for amended complaint.

3. To avoid confusion, any document Plaintiff sends to the clerk of the court for filing in this case must clearly display the case number.

DATED this 23rd day of March, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge